UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
---------------------------------------------------------------x
                                                :

In re Federal Home Loan Mortgage Corp.     :
Securities and Derivate Litigation (No. II)      :
                                                :
---------------------------------------------------------------x
                                                :

Ohio Public Employees Retirement System    :    Misc. Case No. 1:06 MC 00093
and State Teachers Retirement System of Ohio, :
   on behalf of themselves and all               :
   others similarly situated                          :
                                                :
                        Plaintiffs,             :
                                                :
         v.                                   :
                                                :

Freddie Mac a/k/a Federal Home Loan        :
Mortgage Corporation, Leland C. Brendsel,    :
Vaughn A. Clarke, David W. Glenn and       :
Gregory J. Parseghian                           :
---------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF OFEHO'S CROSS-MOTION TO QUASH DEPOSITION SUBPOENA

Non-party the Office of Federal Housing Enterprise Oversight ("OFHEO" "Respondent" or the "Government") respectfully submits this reply memorandum of law in further support of its cross-motion to quash a subpoena issued by Petitioner Vaughn Clarke's ("Petitioner"), dated January 23, 2006, issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, seeking the testimony of OFHEO pursuant to Rule 30(b)(6).[1]

---

[1] Petitioner has failed formally to oppose OFHEO's Cross-Motion to Quash Deposition Subpoena. OFHEO has nonetheless chosen to treat Petitioner's Reply in Support of his Motion to Compel as an opposition to OFHEO's Cross-Motion. In the event this Court should deem Petitioner's Reply insufficient to oppose OFHEO's Cross-Motion, however, OFHEO requests that its Cross-Motion be granted as unopposed.

1:06 MC 00093

# ARGUMENT

**I.        OFHEO's Regulations Are Not Internally Inconsistent**

Petitioner's first argument – that OFHEO's *Touhy* regulations are somehow internally inconsistent and contrary to this Court's established Rule 45 jurisprudence – is both illogical and incorrect.  Petitioner's arguments amount to the following: (1) that OFHEO's regulations, which require that a subpoena be served on an OFHEO employee *after* the Director has granted permission to testify, *see* 12 C.F.R. § 1703.36(b), violate the principle that a government agency is not a "person" within the meaning of Rule 45 of the Federal Rules of Civil Procedure, and is thus not amenable to service under Rule 45; and (2) OFHEO's insistence on compliance with its *Touhy* regulations somehow violates the "general purpose" that OFHEO espouses to "maintain an impartial position . . . in litigation . . . in which OFHEO is not a named party."  *See* 12 C.F.R. § 1703.31.  Neither of these arguments finds support in fact or in law, and both should be rejected.

**A.        OFHEO Has Not Made Itself Amenable To Service By Requiring Its Employees To Be Subpoenaed Before Providing Documents Or Testimony**

First, the regulatory requirement that a subpoena be served upon an OFHEO *employee* after the Director has granted permission for the production of documents or testimony does not conflict at all with the notion that government agencies such as OFHEO are not amenable to service under Rule 45.  As OFHEO noted in its initial Opposition to Petitioner's Motion to Compel, courts in this Circuit have consistently held that, because the federal government and its agencies are not "persons" within the meaning of Rule 45, governmental agencies such as OFHEO are not subject to service pursuant to Rule 45.  *See Truex v. Allstate Insurance Co.*, ___ F.R.D. ___, 2006 WL 47647, at **2-3 (D.D.C. Jan 10, 2006); *Ho v. United States*, 374 F. Supp. 2d 82, 83 (D.D.C. 2005); *Yousuf v. Samantar*, No. Misc. 05-110 (RBW), 2005 WL 1523385, at

*4 (D.D.C. May 3, 2005); *United States v. Gabelli*, No. Misc. 04-534 (RJL), __ F.R.D. __, 2005 WL 2375173 (D.D.C. May 2, 2005); *Lerner v. District of Columbia*, No. Civ. A-00-1590 (GK), 2005 WL 2375175, at *3 (D.D.C. Jan. 7, 2005); *cf. Bobreski v. U.S. Environmental Protection Agency*, 284 F. Supp. 2d 67, 78-80 (D.D.C. 2003) (evaluating EPA's refusal to permit deposition testimony of employee under EPA *Touhy* regulations under the arbitrary and capricious standard of the APA).

Nor is the cited provision of OFEHO's *Touhy* regulations, 12 C.F.R. § 1703.36(b), to the contrary. That regulation does not require an agency employee's testimony in response to a subpoena. That regulation merely requires that after a party has submitted a proper *Touhy* request, and after the Director has rendered a decision to permit a witness to testify, the requester should serve a subpoena on the witness. The mere fact that OFHEO requires its employees to be subpoenaed after the Director has rendered a decision permitting them to testify – and in the process be protected from any further liability for producing document or providing testimony – does not mean that OFHEO has made itself amenable to service under Rule 45.

B.   **OFHEO Has Not Waived Enforcement Of Its *Touhy* Regulations**

Petitioner's second regulatory argument – that OFHEO cannot insist on compliance with its *Touhy* regulations because it allegedly failed to do so with respect to a prior document subpoena served on OFHEO – lacks any basis in fact or law. First, as explained in detail in OFHEO's opposition memorandum of law, the request against which Petitioner compares his request was a request for documents, not a request for testimony. Nonetheless, OFHEO treated the class action plaintiffs' initial cover letter and First Request for Production of Documents as a *Touhy* request, and entered into negotiations with plaintiffs' counsel regarding production pursuant to 12 C.F.R. § 1703.34(c). The subsequent document subpoena was served protectively, only after months of negotiations pursuant to OFHEO's *Touhy* regulations, after

OFHEO had already agreed to produce responsive documents. Accordingly, and contrary to Petitioner's claims, OFHEO did seek, and obtained, compliance with its *Touhy* regulations after the first subpoena.[2]

But even if Petitioner were correct in his claim that OFHEO had failed to enforce its *Touhy* regulations in response to the prior document subpoena, any alleged failure would not constitute a waiver by OFHEO of future enforcement of its *Touhy* regulations. To the contrary, it is "well-settled that the Government may not be estopped on the same terms as any other litigant." *See Heckler v. Community Health Services*, 467 U.S. 51, 60 (1984); *Dole v. Odd Fellows Home Endowment Board*, 912 F.2d 689, 695 (4th Cir. 1990). Where, as here, an administrative agency is charged with protecting the public interest, it may not be precluded from enforcing the law, or from taking other appropriate action, even following a period of non-enforcement. *See, e.g. Washington Tour Guides Ass'n v. National Park Service*, 808 F. Supp. 877, 882 (D.D.C. 1992) ("Simply put, the government may not be estopped from enforcing the law, even following an extended period of no enforcement or underenforcement."); *Moran Maritime Associates v. United States Coast Guard*, 526 F. Supp. 335, 342 (D.D.C. 1981) ("An administrative agency charged with protecting the public interest is not precluded from taking appropriate action nor can the principles of equitable estoppel be applied to deprive the public of the statute's protection because of mistaken action or lack of action on the part of public officials."). Because Petitioner offers this Court no authority for the proposition that OFHEO is now estopped from enforcing its *Touhy* regulations, and because he can likewise make no

---

[2]    The Affidavit of Adam Rosman, dated March 27, 2006, does not alter this result. In that Affidavit, Mr. Rosman claims that was told by Darnley Stewart something that she was not told by OFHEO. First, that Affidavit contains inadmissible hearsay statements. Second, it does not address the question of whether the agency in fact treated the request as a *Touhy* request.

1:06 MC 00093                                             4

showing of detrimental reliance or other traditional elements of estoppel,[3] OFHEO cannot be estopped from properly enforcing its *Touhy* regulations.

## II. Petitioner's Unsupported Belief That Further Efforts Would Be Futile Does Not Excuse Him From Exhausting His Administrative Remedies

Petitioner's conclusory assertion that he should be excused from exhausting his administrative remedies on the grounds of futility is equally flawed. As OFHEO made clear in its February 1, 2006 response to Petitioner's request, it was unable to respond to Petitioner's improper request because it did not comply with OFHEO's *Touhy* regulations, but nonetheless remained willing to respond appropriately to a proper *Touhy* application upon receipt. *See* February 1, 2006 letter from Sarah E. Light, Esq. to Steven M. Salky, Esq. ("In light of the foregoing, we cannot act upon the subpoena served upon OFHEO, but will act upon a proper *Touhy* application to the Director upon receipt.").[4] Accordingly, Petitioner's subjective claim that he believes OFHEO will deny his request is simply unfounded.

Even if Petitioner reasonably believed that OFHEO would deny his administrative claim, moreover, it is well-settled that a claim of futility cannot defeat the requirement that administrative remedies be exhausted where it is based on nothing more than a party's beliefs, even where a denial of administrative relief appears likely. *See Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for

---

[3]     *See Dole*, 912 F.2d at 695 ("Though the Supreme Court has left open the possibility that in some case the government might be estopped from seeking to enforce the law against a private party, the private party surely cannot prevail without at least demonstrating that the traditional elements of estoppel are there;" rejecting estoppel argument where "appellants have shown no detrimental reliance, let alone the reasonableness of any such reliance.")

[4]     OFHEO's assertion that it stands ready to act upon a proper *Touhy* application is plainly entitled to deference, as it is well-settled that administrative decision makers acting as adjudicators are entitled to a presumption that they will act with honesty and integrity in performing their adjudicative functions. *See Withrow v. Larkin,* 421 U.S. 35, 47 (1975); *Federal Trade Commission v. Cement Institute,* 333 U.S. 683, 702-03 (1948) (Commission's expression of views in congressionally required reports on subjects involved in unfair trade proceedings did not bar Commissioners from acting in unfair trade proceedings).

waiving the requirement of exhaustion."); *Schuler v. United States*, 617 F.2d 605, 609 (D.C. Cir. 1979) (rejecting futility defense where plaintiff claimed past unsuccessful attempts to obtain records rendered further attempts futile); *Murphy v. United States*, 121 F. Supp. 2d 21, 28 (D.D.C. 2000) ("Plaintiff's belief that resort to administrative remedies would be futile does not excuse his failure to exhaust."); *Herman v. Wendt,* 2004 WL 68018, at *2 (N.D. Tex. 2004) ("The mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile."). Here, Petitioner offers nothing more than his own unsupported speculation that OFHEO would deny his request for testimony.[5] Because this is plainly not enough to excuse Petitioner's exhaustion requirement, Petitioner's subpoena should be quashed.

### III.  Petitioner's Attempt To Expand The Scope Of Rule 30(b)(6) Is Meritless

Finally, Petitioner continues his attempts to apply Rule 30(b)(6) directly to OFHEO, even though OFHEO is not a party to the above-captioned securities fraud class. But Petitioner cannot apply the language in Rule 30(b)(6) directly to OFHEO because OFHEO is not a party to the underlying proceeding, and third-party discovery requests are governed by Rule 45. *See Lehman v. Kornblau*, 206 F.R.D. 345, 346 (E.D.N.Y. 2001) ("Any interrogatories or requests for production served on non-parties are a nullity. Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45, not the rules governing discovery of parties."). Because discovery of non-parties is governed by Rule 45, the scope of Rule 45 – which applies only to "persons" is limited. Petitioner cannot simply apply the language of Rule 30(b)(6) directly to non-party OFHEO, when Rule 45 does not permit such an expansion for non-party discovery.

---

[5]  Petitioner has raised similar arguments before the Court in the pending administrative proceedings, asserting a claim of "vindictive prosecution" against OFHEO. That claim was recently rejected by the Administrative Law Judge, who found that "[i]t takes far more than these kinds of tentative and vague statements to overcome the presumption that OFHEO officials acted lawfully when they made charging decisions against Respondents." *See* Reply Declaration of Sarah E. Light, dated April 5, 2006, Ex. K.

Petitioner's efforts cannot overcome this Court's recent decisions that have consistently established that government agencies such as OFHEO are not "persons" under Rule 45, and are thus not amenable to service under Rule 45.

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in OFHEO's opening memorandum of law, this Court should grant OFHEO's cross-motion to quash the subpoena.

Dated: New York, New York
April 5, 2006

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Attorney for Respondent OFHEO

By:     /s/_____
SARAH E. LIGHT (SL-9869)
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2774
Facsimile:  (212) 637-2686